**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4127**

─────────────

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

CHRISTOPHER WAYNE MCNEILL, a/k/a Rabbit,

> Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:22-cr-00174-D-BM-1)

─────────────

Submitted: August 29, 2023                              Decided: August 31, 2023

─────────────

Before KING, AGEE, and BENJAMIN, Circuit Judges.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Wayne McNeill pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and distribution of five grams or more of methamphetamine and aiding and abetting, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court sentenced McNeill to 180 months' imprisonment and he now appeals. McNeill's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether McNeill's sentence is reasonable. McNeill did not file a supplemental pro se brief after being notified of his right to do so. The Government has moved to dismiss the appeal based on the waiver of appellate rights in McNeill's plea agreement. For the following reasons, we affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). We generally will enforce a waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). A defendant's waiver of appellate rights is valid if he entered it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). After review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that McNeill knowingly and voluntarily pleaded guilty and waived his right to appeal, with limited exceptions, and that the waiver is valid and enforceable. Moreover, the issue counsel seeks to raise on appeal falls squarely within the scope of McNeill's appellate waiver. Accordingly, we grant the Government's motion to dismiss

2

McNeill's appeal as to all issues within the waiver's scope and, having identified no potentially meritorious issues that would fall outside the scope of McNeill's valid appellate waiver, we affirm the remainder of the district court's judgment.

This court requires that counsel inform McNeill, in writing, of the right to petition the Supreme Court of the United States for further review. If McNeill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McNeill. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3